# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** *Plaintiff,* v. **KEY INVESTMENT GROUP LLC, et al.,** *Defendants.* | Case No. 1:25-cv-02716-GLR |

## DEFENDANTS' MOTION TO DISMISS

Defendants Key Investment Group, LLC, TotalTickets.com LLC, Totally Tix LLC, Front Rose Tix LLC, WLK Investments, LLC, Yair D. Rozmaryn, Elan N. Rozmaryn, and Taylor Kurth (collectively, "KIG") respectfully move to dismiss the Complaint for failure to assert a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Complaint fails to allege a cognizable violation of the BOTS Act, 15 U.S.C. § 45c.[1] The BOTS Act is and has always been meant to prevent bad actors from using bots from "circumvent[ing] a security measure, access control system, or other technological control or measure." *Id.* KIG does not use bots. The Complaint does not allege otherwise. In the absence of bot use, the Complaint's sparse allegations of purported BOTS Act violations fail the *Iqbal* smell test.

The Complaint fails to plausibly allege that Ticketmaster, the "ticket issuer" in this case, "enforce[d] posted event ticket purchasing limits or [] maintain[ed] the integrity of posted online

---

1 The Complaint refuses to call the statute the "BOTS Act," even though the Public Law enacting the statute refers to it as such. Pub. L. No. 114-274, § 1, 130 Stat. 1401, 1401-04 (2016) ("[t]his Act may be cited as the 'Better Online Ticket Sales Act of 2016' ***or the 'BOTS Act of 2016.'***") (emphasis added). As discussed in more detail in the Memorandum in Support of the Motion, Plaintiff's omission is representative of a slew of misleading and deceptive assertions sprinkled throughout case and underlying much of its Complaint.

ticket purchasing order rules." *Id.* To the contrary, ***the sole external materials Plaintiff attaches to its Complaint confirm that Ticketmaster was aware of, and approved of, KIG's actions, since at least 2018.*** *See* Compl. ¶ 40, Figure 1; Compl. Attachment A.

The Complaint fails to adequately allege civil penalties. To assess civil penalties, the FTC Act requires "actual knowledge or knowledge fairly implied on the basis of objective circumstances." 15 U.S.C. § 45(m)(1)(A). The Complaint's sparse allegations that KIG had the requisite knowledge to assess civil penalties fall woefully short of this standard.

Plaintiff's interpretation of the BOTS Act also fails on constitutional grounds. The BOTS Act is, at best, void for vagueness as to non-bot users. And, because Congress did not give Plaintiff the power to expand the BOTS Act as it now attempts to do, the relief the Complaint seeks is barred by the Major Questions Doctrine as well.

For any or all of these reasons, and as explained in more detail in the accompanying Memorandum of Law in Support of this Motion, the Court should respectfully dismiss the Complaint, in full and with prejudice.

Dated: November 24, 2025                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Bezalel A. Stern*
　　　　　　　　　　　　　　　　　　　　　　　　Bezalel A. Stern (D. Md. Bar No. 20667)
　　　　　　　　　　　　　　　　　　　　　　　　Joshua N. Drian (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　MANATT, PHELPS & PHILLIPS, LLP
　　　　　　　　　　　　　　　　　　　　　　　　1050 Connecticut Ave. NW, Suite 600
　　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　　　　　　Tel.: (202) 585-6500
　　　　　　　　　　　　　　　　　　　　　　　　bstern@manatt.com
　　　　　　　　　　　　　　　　　　　　　　　　jdrian@manatt.com

　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*