**MANATT, PHELPS & PHILLIPS, LLP**
Bezalel A. Stern (D. Md. Bar No. 20667)
Joshua N. Drian (*pro hac vice*)
1050 Connecticut Ave. NW, Suite 600
Washington, D.C. 20036
Tel.:  (202) 585-6500
Email:   bstern@manatt.com
         jdrian@manatt.com

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**KEY INVESTMENT GROUP LLC, et al.,**<br><br>*Defendants.* | **Case No. 1:25-cv-02716-GLR**<br><br>Hon. George L. Russell, III, Chief District Court Judge<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL REQUESTED** |

Defendants Key Investment Group, LLC, TotalTickets.com LLC, Totally Tix LLC, Front Rose Tix LLC, WLK Investments, LLC, Yair D. Rozmaryn, Elan N. Rozmaryn, and Taylor Kurth (collectively, "Defendants") by and through their undersigned counsel, hereby answer the allegations in the Complaint for Permanent Injunction, Civil Penalty, and Other Relief ("Complaint") filed by Plaintiff the Federal Trade Commission ("Plaintiff"), and assert their defenses as follows.

All admissions made herein are made as of the date of this filing, unless otherwise stated. Defendants reserve the right to amend or supplement their Answer and Affirmative Defenses. In collectively admitting an allegation, Defendants do not admit that any individual Defendant has personal knowledge about, participated in, or had authority over the admitted subject matter, only that Defendants do not challenge the allegation's accuracy.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not specifically admitted herein.

## ANSWERS TO PLAINTIFF'S SPECIFIC ALLEGATIONS[1]

Subject to their Defenses, Defendants plead as follows to the specific allegations contained in the numbered paragraphs of the Complaint.

1.      Defendants admit Plaintiff seeks a permanent injunction and civil penalties pursuant to Section 2(b) of the Better Online Ticket Sales Act, 15 U.S.C. § 45c(b) and Sections 5(m)(1)(A) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(m)(1)(A) and 53(b). The remaining allegations in Paragraph 1 consist of legal conclusions to which no response is required. To the

---

[1] The section headings used in the Complaint are repeated in this Answer solely as a matter of convenience and do not constitute an admission. To the extent the headers or sub-headers are construed to assert any allegations, Defendants deny those allegations.

extent that a specific response is required, Defendants deny the remaining allegations in Paragraph 1.

## SUMMARY OF THE CASE

2.     Defendants admit that certain of the Defendants have purchased tickets from Ticketmaster for performances and events and resold or offered to resell purchased tickets on Ticketmaster and other websites. The remaining allegations in Paragraph 2 consist of legal conclusions to which no response is required. To the extent a specific response is required, Defendants deny the remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.     Admit

4.     Admit.

## PLAINTIFF

5.     Defendants admit that the FTC is an agency of the United States Government. The remaining allegations in Paragraph 5 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 5.

## DEFENDANTS

6.     Defendants admit the allegations in the first and third sentences of Paragraph 6. Defendants admit that Key Investment Group does business as Epic Seats and TotalTickets.com LLC and deny the remaining allegations in this sentence. The remaining allegations in Paragraph 6 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 6.

7.     Defendants admit TotalTickets.com LLC is a Florida limited liability company and deny the remaining allegations in the first sentence of Paragraph 7. Defendants admit the

2

allegations in the second and third sentences of Paragraph 7. Defendants deny the allegations in the fourth sentence of Paragraph 7.

8.      Defendants deny the allegations in the first two sentences of Paragraph 8. Defendants admit that, at certain points in time, Totally Tix has purchased and sold tickets to consumers in the United States and deny the remaining allegations in Paragraph 8.

9.      Defendants admit the allegations in the first two sentences of Paragraph 9.  The remaining allegations in Paragraph 9 are denied.

10.      Defendants admit the allegations in the first and third sentences of Paragraph 10. The remaining allegations in Paragraph 10 are denied.

11.      Defendants admit the allegations in the first sentence of Paragraph 11. Defendants admit that Yair Rozmaryn is a member and a manager of Front Rose Tix and a manager of TotalTickets.com. The remaining allegations in Paragraph 11 are denied.

12.      Defendants admit the allegations in the first sentence of Paragraph 12. Defendants admit that Elan Rozmaryn is a member and manager of Front Rose Tix and a manager of TotalTickets.com and resides in Baltimore County, Maryland. The remaining allegations in Paragraph 12 are denied.

13.      Defendants admit that Taylor Kurth resides in Middlesex County, Massachusetts. The remaining allegations in Paragraph 13 are denied.

**COMMON ENTERPRISE**

14.      The allegations in Paragraph 14 consist of legal conclusions to which no response is required. To the extent that a specific response is required, Defendants deny the allegations in Paragraph 14.

**COMMERCE**

15.    Denied.

**THE BETTER ONLINE TICKET SALES ACT**[2]

16.    Defendants admit that the language quoted in Paragraph 16 is a partial, incomplete quote from the BOTS Act. To the extent Plaintiff makes any further allegations in Paragraph 16, they consist of legal conclusions to which no response is required. Defendants refer to the BOTS Act for a complete statement of its contents and otherwise deny the remaining allegations in Paragraph 16.

17.    Defendants admit that the language quoted in Paragraph 17 is a partial, incomplete quote from the BOTS Act. To the extent Plaintiff makes any further allegations in Paragraph 17, they consist of legal conclusions to which no response is required. Defendants refer to the BOTS Act and Public Law for a complete statement of its contents and otherwise deny the remaining allegations in Paragraph 17.

18.    The allegations in Paragraph 18 consist of legal conclusions to which no response is required. To the extent a specific response is required, Defendants refer to the respective statutes identified in Paragraph 18 for a complete statement of their contents and otherwise deny the allegations in Paragraph 18.

**DEFENDANTS CIRCUMVENT CONTROL MEASURES
ON TICKETMASTER'S WEBSITES TO OBTAIN TICKETS
AND THEN SELL OR OFFER TO SELL THOSE TICKETS TO CONSUMERS**

19.    Admitted only to the extent that some of the Corporate Defendants purchase tickets from ticket issuers. Otherwise, denied.

---

[2] For purposes of this Answer, Defendants will refer to the statute as the BOTS Act.

20.    Defendants admit that Defendant Yair D. Rozmaryn is the Chief Executive Officer of Key Investment Group, and otherwise deny the allegations in Paragraph 20.

21.    Defendants admit that Defendant Elan N. Rozmaryn is the Chief Financial Officer of Key Investment Group, and otherwise deny the allegations in Paragraph 21.

22.    Denied.

23.    Defendants admit that, between November 1, 2022, and the present, some Corporate Defendants have purchased event tickets from Ticketmaster, and otherwise denies the allegations in Paragraph 23.

24.    Defendants admit that Ticketmaster makes certain tickets available for sale on its website. The remaining allegations in Paragraph 24 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 24.

25.    The allegations in Paragraph 25 purport to quote from and characterize a "Purchase Policy" purportedly maintained by Ticketmaster, which document speaks for itself. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 25.

26.    The allegations in Paragraph 26 purport to quote from and characterize a "Purchase Policy" purportedly maintained by Ticketmaster, which document speaks for itself. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27.    The allegations in Paragraph 27 purport to quote from and characterize a "Purchase Policy" purportedly maintained by Ticketmaster, which document speaks for itself. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.    Denied.

29.    Denied.

30. Defendants admit that some of the Corporate Defendants have sold or offered to sell tickets purchased from Ticketmaster on other websites. Denied as Defendants have not always profited from such sales, selling tickets at a loss or failing to sell tickets at all. Otherwise, denied.

31. Denied, as any ticket limit referenced in Paragraph 31 was on a per-account basis.

32. Denied, as any ticket limit referenced in Paragraph 32 was on a per-account basis.

33. Denied, as any ticket limit referenced in Paragraph 33 was on a per-account basis.

## DEFENDANTS CONCEAL THEIR IP ADDRESS

34. Defendants admit that an IP address is a unique string of numbers separated by periods and associated with computers or computer networks. The remainder of the allegations in Paragraph 34 are denied.

35. Denied.

36. Denied.

37. Denied.

## DEFENDANTS CREATE SHAM TICKETMASTER ACCOUNTS AND USE THOUSANDS OF CREDIT CARD NUMBERS

38. Defendants deny the allegations in the first sentence of Paragraph 38. Defendants admit that, during all relevant times, Ticketmaster has had knowledge of and approved of Defendants' ticket-buying practices on Ticketmaster's website. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and on that basis, denies them.

39. Denied.

40. Defendants admit that Ticketmaster had actual knowledge and approved of Key Investment Group's purchasing practices. Otherwise, denied.

41.    Defendants admit that Key Investment Group received a Civil Investigative Demand from the FTC in 2023. The allegations in Paragraph 41 otherwise purport to quote from and characterize Attachment A to the Complaint, which document speaks for itself. No response is required. To the extent a response is required, denied.

42.    Defendants deny the first and fourth sentences of Paragraph 42. Defendants admit that some of the Corporate Defendants have utilized accounts using names other than their own, and that Ticketmaster knew of, approved of, and allowed this practice. Defendants deny the remaining allegations in Paragraph 42.

43.    The allegations in Paragraph 43 purport to quote from and characterize one or more unidentified documents, which documents (if they exist at all) speak for themselves. No response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 43.

44.    Defendants admit that some of the Corporate Defendants have utilized accounts using addresses different from Defendant Key Investment Group's business address, and that Ticketmaster knew of, approved of, and allowed this practice. Defendants deny the remaining allegations in Paragraph 44.

45.    Defendants admit that some of the Corporate Defendants have utilized phone numbers different from Defendant Key Investment Group's business phone number in connection with accounts, and that Ticketmaster knew of, approved of, and allowed this practice. Defendants deny the remaining allegations in Paragraph 45.

46.    Defendants admit that some of the Corporate Defendants have utilized various credit card numbers, including virtual credit card numbers, and that Ticketmaster knew of, approved of, and allowed this practice. Defendants deny the remaining allegations in Paragraph 46.

47.    Denied.

48.    Denied.

## DEFENDANTS USE HUNDREDS OF SIM CARDS AND SIM BANKS

49.    Defendants admit that Ticketmaster sometimes requests that codes sent via text message be entered in connection with Ticketmaster accounts. The quotations in Paragraph 49 purport to quote from and characterize statements on Ticketmaster's website, which speaks for itself. No response is required. To the extent a response is required, Defendants deny such allegations.

50.    Denied.

## THE FTC HAS REASON TO BELIEVE THAT DEFENDANTS ARE VIOLATING OR WILL CONTINUE TO VIOLATE THE BETTER ONLINE TICKET SALES ACT AND THE FTC ACT

51.    Denied.

## COUNT I – VIOLATIONS OF THE BETTER ONLINE TICKET SALES ACT AND THE FTC ACT

52.    Denied.

53.    Denied.

## CONSUMER INJURY

54.    Denied.

## CIVIL PENALTIES

55.    The allegations in Paragraph 55 consist of legal conclusions to which no response is required. To the extent a response is required, denied.

56.    The allegations in Paragraph 56 consist of legal conclusions to which no response is required. To the extent that a specific response is required, denied.

8

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief, in law or in equity, requested or not, including that which is requested in the Plaintiff's Prayer for relief. Further, no Defendant has ever had actual knowledge or knowledge fairly implied on the basis of objective circumstances that any act or practice was or is unfair or deceptive and was or is prohibited by the BOTS Act.

**AFFIRMATIVE DEFENSES**

Defendants allege, assert, and state the following as separate and distinct defenses to the Complaint. By virtue of alleging these further defenses, Defendants do not assume any burden of proof, persuasion, or production not otherwise legally assigned to it.

**FIRST AFFIRMATIVE DEFENSE**
**(Consent)**

Plaintiff's claims are barred, in whole or in part, because Ticketmaster knew of, approved of, and consented to Defendants' purported conduct.

**SECOND AFFIRMATIVE DEFENSE**
**(Good Faith)**

Plaintiff's claims are barred, in whole or in part, by Defendants' good faith and the absence of intentional misconduct and reckless or negligent conduct.

**THIRD AFFIRMATIVE DEFENSE**
**(No Consumer Harm)**

Plaintiff's claims for relief are barred, in whole or in part, because Defendants did not harm consumers through their alleged conduct.

**FOURTH AFFIRMATIVE DEFENSE**
**(Lack of Knowledge)**

Even if Defendants' purchasing policies are found to violate the BOTS Act, Defendants are not liable for civil penalties, in whole or in part, due to their lack of actual knowledge or knowledge fairly implied.

9

### FIFTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Defendants are not liable for civil penalties or any other monetary relief attributable to the responsibility, negligence, or fault of any other person or entity, whether named or unnamed in the Complaint, and any such relief shall be apportioned accordingly.

### SIXTH AFFIRMATIVE DEFENSE
### (Offsets – Consumer Benefit)

Any finding of monetary liability, including any restitution award, should be offset to account for the benefits that Defendants' customers received

### SEVENTH AFFIRMATIVE DEFENSE
### (Offsets – Refunds)

Any finding of monetary liability, including any restitution award, should be offset to account for refunds paid to customers.

### EIGHTH AFFIRMATIVE DEFENSE
### (Further Limitation on Damages)

Consistent with Ticketmaster's Purchasing Policy, any finding of monetary liability, including any restitution award, should be limited to instances where Defendants purportedly exceeded any ticket purchase limit on a per account basis.

### NINTH AFFIRMATIVE DEFENSE
### (Waiver, Equitable Estoppel, Laches, and Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, laches, and unclean hands.

### TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred to the extent they seek relief based on alleged violations or harms that occurred outside of the applicable limitations periods.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Standing/Mootness)

Plaintiff lacks standing to seek injunctive relief because Defendants are not currently violating or about to violate the BOTS Act.

## TWELFTH AFFIRMATIVE DEFENSE
### (Due Process – Unconstitutional Vagueness)

Plaintiff's claims are barred, in whole or in part, because the BOTS Act is unconstitutionally vague as applied by Plaintiff to Defendants' alleged conduct. The BOTS Act only regulates the "circumvent[ion]" of a "security measure, access control system, or other technological control or measure" that is "used by the ticket issuer to enforce posted event ticket purchasing limits or to maintain the integrity of posted online ticket purchasing order rules." 15 U.S.C. § 45c. The BOTS Act does not define circumvention or any of these other terms. *Id.* Applying the BOTS Act here to prohibit Defendants' alleged conduct violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Due Process – Lack of Fair Notice)

Plaintiff's claims are barred, in whole or in part, because the FTC failed to provide fair notice that Defendants' alleged conduct violated the law as required by the Due Process Clause. The FTC failed to provide fair notice to Defendants that (i) it considered the use of manual purchasing agents to violate the BOTS Act; (ii) it believes a ticket issuer's knowing consent to Defendants' multiple accounts could still give rise to a BOTS Act violation; (iii) in determining whether a BOTS Act violation occurred, the FTC would assess the aggregate number of tickets purchased by a commercial entity, rather than on a per-account basis even where the ticket issuer affirmatively represents its purchasing policy to the contrary, and (iv) it considered other acts taken (a) by those who do not use bots, and (b) despite the ticket issuer's knowledge and approval to violate the BOTS Act.

11

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Excessive Fines)

The monetary relief sought is unconstitutional and excessive under the United States Constitution and specifically under the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Equal Protection)

The Complaint violates the Equal Protection Clause because Plaintiff is selectively, arbitrarily, and unequally enforcing the BOTS Act and the FTC Act against Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Plaintiff's claims are barred, in whole or in part, because they would violate Defendants' right to free speech. Many of the allegations in the Complaint constitute protected speech through which Defendants communicate with customers, business partners, and the general public. Plaintiff thus improperly seeks to impose liability based on protected speech.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Major Questions)

Plaintiff's claims are barred, in whole or in part, because they seek to radically expand Plaintiff's power to regulate the ticket resale industry out of existence without the approval of Congress. Plaintiff's proposed interpretation of the BOTS Act would enable it to unilaterally determine the meaning of, and enforce, private ticketing websites' terms of service. The major questions doctrine precludes Plaintiff from assuming this authority absent clear statutory authorization.

## ADDITIONAL AFFIRMATIVE DEFENSES

The Complaint does not describe the claims or facts with sufficient particularity to permit Defendants to ascertain what other defenses may exist at this time. Defendants will rely on any

and all further defenses that become available or appear during discovery in this action and specifically reserves the right to assert any additional defenses.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for judgment as follows:

1. That Plaintiff's Complaint be dismissed in its entirety with prejudice;

2. That the Court enter judgment against Plaintiff and in favor of Defendants on all causes of action;

3. That Defendants be awarded their costs and expenses, including attorneys' fees, incurred in this action; and

4. That Defendants be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

Dated: May 13, 2026                          Respectfully submitted,

*/s/ Bezalel A. Stern*
Bezalel A. Stern (D. Md. Bar No. 20667)
Joshua N. Drian (*pro hac vice*)
MANATT, PHELPS & PHILLIPS, LLP
1050 Connecticut Ave. NW, Suite 600
Washington, D.C. 20036
Tel.: (202) 585-6500
Email: bstern@manatt.com
       jdrian@manatt.com

*Counsel for Defendants*