**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | |
| Plaintiff, | **Case No. 1:25-cv-02716-GLR** |
| v. | |
| **KEY INVESTMENT GROUP LLC**, et al., | |
| Defendants. | |

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE SIX OF
DEFENDANTS' AFFIRMATIVE DEFENSES**

Six of Defendants' eighteen affirmative defenses are either legally or factually deficient. Three of these six defenses are not legally cognizable and five of them are not supported by any factual allegations. They should be stricken as insufficient defenses under Fed. R. Civ. P. 12(f).

## I.    Procedural History

On August 18, 2025, the Federal Trade Commission filed its Complaint against Key Investment Group LLC, TotalTickets.com LLC, Totally Tix, LLC, Front Rose Tix LLC, WLK Investments LLC, Yair D. Rozmaryn, Elan N. Rozmaryn, and Taylor Kurth (collectively, "Defendants"). ECF No. 1. The Complaint alleges the Defendants have violated and continue to violate the Better Online Ticket Sales Act of 2016, 15 U.S.C. § 45c (the "BOTS Act"), and the FTC Act, 15 U.S.C. § 45. Defendants moved to dismiss the Complaint on November 24, 2025. ECF No. 33. This Court denied Defendants' motion to dismiss on April 28, 2026. ECF No. 54. Defendants answered the Complaint on May 13, 2026, and asserted 18 affirmative defenses.

1

## II.    Legal Standards

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Whether to grant a motion to strike rests within the sound discretion of this Court. *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 324 (4th Cir. 2018). Although courts construe pleadings challenged in a motion to strike in a light most favorable to the pleader, *Portillo v. Second Chance, Inc.*, No. GLR-24-2660, 2025 WL 754525, at *2 (D. Md. Mar. 10, 2025) (Russell, J.), "'[i]t is incumbent on one who relies on [an affirmative defense] to set it up and establish it,'" *Al Shimari v. CACI Premier Tech., Inc.*, 170 F.4th 162, 189 (4th Cir. 2026) (second alteration in original) (quoting *Dixon v. United States*, 548 U.S. 1, 13 (2006)).

Rule 12(f) motions to strike affirmative defenses are appropriate when a defendant asserts "'a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action. . . .'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting Charles Alan Wright & Arthur R. Miller*, Federal Practice & Procedure* § 1381, 655 (2d ed.1990)). Courts within this district regularly grant such motions "if it is impossible for the defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint. . . ." *Openshaw v. Cohen, Klingenstein & Marks, Inc.*, 320 F.Supp.2d 357, 364 (D. Md. 2004) (granting motion to strike affirmative defenses as legally insufficient) (quotation omitted); *see also Small Bus. Fin. Solutions, LLC v. Cavalry, LLC*, No. 8:22-cv-1383, 2023 WL 284449, at *2, 11 (D. Md. Jan. 18, 2023) (same). Although motions to strike "can be a tough remedy," they are appropriate in the face of impertinent affirmative defenses. *Ancient Coin*, 899 F.3d at 325.

In some cases, courts within this district have required a showing of prejudice before striking an affirmative defense, *see, e.g.*, *E.E.O.C. v. Spoa, LLC*, No. CCB-13-1615, 2014 WL 47337, at *3 (D. Md. Jan. 3, 2014), but the Fourth Circuit has not held that such a showing is mandatory. *Small Bus.*, 2023 WL 284449, at *8. In *Gilmore*, for example, the Fourth Circuit affirmed an order striking an affirmative defense because it had no legal foundation. 252 F.3d at 347. In *Ancient Coin*, the circuit court affirmed a similar ruling based on legal insufficiency. 899 F.3d at 325. In neither case did the Fourth Circuit condition the striking of an affirmative defense on the existence of prejudice. Thus, although prejudice may be a consideration in the resolution of a motion to strike affirmative defenses under Rule 12(f), it is not dispositive. Courts within the Fourth Circuit have regularly held that requiring a party to engage in discovery on conclusory or legally deficient affirmative defenses is prejudicial. *See, e.g.*, *Jet Sys., LLC v. J.F. Taylor, Inc.*, No. DKC 24-1628, 2026 WL 1090949, at *6 (D. Md. Apr. 22, 2026); *Villa v. Ally Fin., Inc.*, No. 13-cv-953, 2014 WL 800450, at *4 (M.D.N.C. Feb. 28, 2014).

"[C]ourts in this district are split as to whether affirmative defenses are subject to a fair notice pleading standard or a heightened *Twombly/Iqbal* pleading standard[.]" *Jet Sys.*, 2026 WL 1090949, at *5; *see also Titan Sys.*, 787 F.Supp.3d at 78 (collecting cases). Most courts, however, have "applied the heightened *Twombly-Iqbal* pleading standard to affirmative defenses, because it would be incongruous and unfair to require a plaintiff to operate under one standard and to permit the defendant to operate under a different, less stringent standard." *McCoy v. Transdev Servs, Inc.*, No. DKC 19-2137, 2022 WL 951996, at *24 (D. Md. Mar. 30, 2022) (quotation omitted); *see also Sprint Solutions, Inc. v. Unwired Solutions, Inc.*, No. GLR-15-2964, 2016 WL 11891814, at *2 (D. Md. Aug. 1, 2016) (Russell, J.) (applying the *Twombly/Iqbal* pleading standard to affirmative defenses); *Alston v. Equifax Info. Servs., LLC*, No. GLR–13–934, 2014

3

WL 580148, at *2 (D. Md. Feb. 11, 2014) (Russell, J.) (same). *But see Lockheed Martin Corp. v United States*, 973 F.Supp.2d 591, 593-94 (D. Md. 2013) (finding "the minority view more persuasive."). Regardless, an affirmative defense must include "some statement of the ultimate facts underlying the defense … and both its non-conclusory factual content and the reasonable inferences from that content[] must plausibly suggest a cognizable defense available to the Defendant." *Trs. of the Heating, Piping & Refrig. Pen. Fund, v. Brother's Mech., Inc.*, No. 25-cv-00962, 2026 WL 1190830, at *4 (D. Md. May 1, 2026).

### III.    Argument

Defendants have asserted 18 affirmative defenses. The FTC moves to strike six of them: the second, ninth, thirteenth, fifteenth, sixteenth, and Defendants' final affirmative defense, labeled "Additional Affirmative Defenses." Each of these defenses is legally or factually deficient. If not struck, the FTC will be unduly prejudiced by expending resources on discovery related to these six, deficient defenses.

#### a.  Good Faith

In their second affirmative defense, Defendants allege that "Plaintiff's claims are barred, in whole or in part, by Defendants' good faith and the absence of intentional misconduct and reckless or negligent conduct." ECF 57. This is a conclusory allegation. It pleads no facts of Defendants' alleged good faith or of Defendants' conduct otherwise. As such, it does not give the FTC fair notice of what actions, if any, Defendants supposedly took in compliance with their legal obligations, which they also do not plead. The defense is factually and, therefore, legally insufficient. It should be struck. *See Long v. Welch & Rushe, Inc.*, 28 F.Supp.3d 446, 463-64 (D. Md. 2014) (striking conclusory allegation of good faith affirmative defense); *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 534, 537 (D. Md. 2010) (same).

### b. Waiver, Equitable Estoppel, Laches, and Unclean Hands

Defendants' ninth affirmative defense recites a series of distinct legal doctrines—waiver, equitable estoppel, laches, and unclean hands—but includes no facts explaining their application to this case. For this reason alone, this defense should be struck. *See United States v. White*, No. 2:23-CV-00001, 2023 WL 8451744, at *5 (E.D.N.C. Dec. 6, 2023) ("bare bones conclusory allegations that omit any short and plain statement of fact and fail totally to allege the necessary elements of alleged claims don't meet the standard" for pleading affirmative defenses. (internal quotations omitted)); *see also, e.g.*, *Topline Solutions, Inc. v. Sandler Sys., Inc.*, No. 09-cv-3102, 2010 WL 2998836, at *2 (D. Md. July 17, 2010) (striking the defenses of waiver, estoppel, and laches and holding that those defenses have been "consistently struck when pled without reference to some facts.").

Moreover, absent misconduct, which Defendants do not allege, these defenses—waiver, equitable estoppel, laches, and unclean hands—are generally not available against government plaintiffs in actions brought in the public interest, such as this one. *See United States v. Vanhorn*, 20 F.3d 104, 112 n.19 (4th Cir. 1994) ("Federal law is clear that estoppel is rarely, if ever, a valid defense against the Government absent proof of some affirmative misconduct by a Government agent[.]"); *United States v. Fidelity-Baltimore Nat. Bank & Trust Co.*, 173 F.Supp. 565, 567 (D. Md. 1959) ("The principle that the United States is not … barred by the laches of its officers, however gross, in a suit brought by it as a sovereign government to enforce a public right or to assert a public interest, [is] established beyond all doubt."); *Bureau of Consumer Fin. Protection v. Fair Collections & Outsourcing, Inc.*, No. 19-cv-2817, 2021 WL 2685251, at *4 (D. Md. June 30, 2021) ("Generally, an unclean hands defense is not available in an action, such as this one,

against a government agency attempting to enforce a congressional mandate in the public interest.").

There is no legal foundation for Defendants' ninth affirmative defense and Defendants have pled no factual basis for its assertion. The Court should strike the defense and thereby relieve the FTC of the undue burden of propounding or responding to discovery related to this meritless defense. *See Alston*, 2014 WL 580148, at \*2 ("[D]efendants should be held to the same pleading standard as plaintiffs and boilerplate defenses compel counsel to conduct unnecessary discovery.").

### c. Due Process – Lack of Fair Notice

In their thirteenth affirmative defense, "Due Process – Lack of Fair Notice," Defendants contend the FTC's claims are barred because the FTC did not notify Defendants that their business practices were unlawful. ECF No. 57. Due process requires that "laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). But the relevant notice comes from the statute itself, not the law enforcement agency. *United States v. Aquino-Chacon*, 109 F.3d 936, 938 (4th Cir. 1997) ("Significantly, it is the *statute* that must provide clear notice of the unlawful conduct.") (emphasis in original); *see also FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 253-54 (3d Cir. 2015) ("The relevant question is not whether Wyndham had fair notice of the *FTC's interpretation* of the statute, but whether Wyndham had fair notice of what the *statute itself* requires.") (emphasis in original). As *Wyndham* explained, where, as here, "an agency administers a statute without any special authority to create new rights or obligations … the courts … retain the primary responsibility for construing the statute." 799 F.3d at 250.

6

Accordingly, defendants are "only entitled to notice of the meaning of the statute and not to the agency's interpretation of the statute." *Id.* at 255.

Defendants' thirteenth affirmative defense has no legal merit. Defendants were not, as a matter of law, entitled to enforcement notices from the FTC. The Court should strike the defense and thereby relieve the FTC of the undue burden of propounding or responding to related discovery.

### d. Equal Protection

Defendants' fifteenth affirmative defense alleges that "[t]he Complaint violates the Equal Protection Clause because Plaintiff is selectively, arbitrarily, and unequally enforcing the BOTS Act and the FTC Act against Defendants." ECF No. 57. To state a plausible equal protection/selective prosecution claim, Defendants must "plead sufficient facts to demonstrate plausibly that [they were] treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus." *Equity In Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011); *see also United States v. Google, LLC*, 692 F.Supp.3d 583, 594 (E.D. Va. 2023) ("The requirements for a defense of selective enforcement are similar to the standards for a violation of equal protection.") (internal quotation omitted). Defendants' pleading provides only the conclusory allegation that "Plaintiff is selectively, arbitrarily, and unequally enforcing the BOTS Act and the FTC Act against Defendants." ECF No. 57. Defendants neither allege that Plaintiffs' enforcement action is the result of discriminatory animus, nor provide any facts that would permit Plaintiff to discern any possible basis for an equal protection claim.

Because Defendants have failed to state a plausible equal protection/selective prosecution claim and are unable to plead any relevant facts, the Court should strike Defendants' fifteenth

affirmative defense and relieve the FTC of the undue burden of propounding and responding to discovery for this meritless defense.

### e.  First Amendment

Defendants' sixteenth affirmative defense alleges that "[m]any of the allegations in the Complaint constitute protected speech through which Defendants communicate with customers, business partners, and the general public," and that "Plaintiff thus improperly seeks to impose liability based on protected speech." ECF No. 57. As with Defendants' second, ninth, and fifteenth affirmative defenses, Defendants have failed to plead any facts, let alone sufficient facts, to give the FTC fair notice of this defense. They have not even identified the protected speech that the FTC is allegedly seeking to burden in violation of the First Amendment. If this defense is not struck, the FTC will be forced to propound discovery, and possibly obtain deposition testimony, to determine which, if any, Complaint allegations implicate this affirmative defense, thereby wasting resources. This defense should be struck. *See FTC v. Verma Holdings, LLC*, No. 4:13–cv–00594, 2013 WL 4506033, at *7 (S.D. Tex. Apr. 22, 2013) (striking defendants' First Amendment affirmative defense because "defendants [did] not plead[] any factual allegations to support [it] and therefore [did] not provide sufficient notice of how the relief sought by the FTC infringes their First Amendment rights.").

### f.  Unnamed Additional Defenses

Defendants' label their eighteenth and final affirmative defense "Additional Affirmative Defenses." They plead:

> [t]he Complaint does not describe the claims or facts with sufficient particularity to permit Defendants to ascertain what other defenses may exist at this time. Defendants will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves [sic] the right to assert any additional defenses.

ECF No. 57.

This purported defense is not a defense at all and should be struck.[1] *Long*, 28 F.Supp.3d at 465. Rather, it is a reservation of unpled defenses that does not even attempt to meet pleading standards for affirmative defenses, as discussed earlier in this memorandum. *Courtland Co. v. Union Carbide Corp.*, No. 19-cv-00894, 2021 WL 1868313, at *3 (S.D. W. Va. May 10, 2021). Consequently, it leaves the FTC without notice of what "Additional Affirmative Defenses" Defendants will assert or when. *Id.* (holding that "reserv[ing] defenses in this manner prejudices the plaintiff because doing so risks litigation over defenses that the defendant might not ultimately assert."). This amounts to litigating against the unknown, the definition of prejudice in a system where notice is the touchstone of pleading. *See* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense ….."); *see also Jennings v. Frostburg State Univ.*, 679 F.Supp.3d 240, 267 (D. Md. 2023) ("The purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it.").

Accordingly, the Court should strike Defendants' unnamed "Additional Defenses" affirmative defense. If Defendants want to plead additional affirmative defenses, they should do so in accordance with Federal Rule of Civil Procedure 15 and the orders of this Court.

## IV.    Conclusion

For the foregoing reasons, the Court should strike these defenses. They are either legally insufficient or pled without any factual foundation. Their maintenance in this action would prejudice the FTC, causing it to expend resources on factually or legally deficient defenses.

---

[1] If Defendants actually thought "the Complaint does not describe the claims or facts with sufficient particularity," their remedy was to seek a more definite statement under Fed. R. Civ. P. 12(e), not to plead an affirmative defense of unknown additional affirmative defenses.

Dated: June 3, 2026                                Respectfully submitted,

                                                   */s/ Simon Barth*
                                                   Simon Barth (MA Bar No. 706122)
                                                   P. Connell McNulty (PA Bar No. 87966)
                                                   600 Pennsylvania Avenue, NW
                                                   Washington, DC 20580
                                                   Ph: 202-326-3317 (Barth); 2061 (McNulty)
                                                   Email: sbarth@ftc.gov; pmcnulty@ftc.gov

                                                   Attorneys for Plaintiff
                                                   FEDERAL TRADE COMMISSION