# manatt

**Bezalel Stern**
Manatt, Phelps & Phillips, LLP
Direct Dial: (202) 624-3381
BStern@manatt.com

July 21, 2026

**VIA ECF**

Hon. George L. Russell, III
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

> Re:    *Federal Trade Commission v. Key Investment Group LLC, et al.*, **Case No.**
> **1:25-cv-02716-GLR**

Dear Chief Judge Russell:

We represent Defendants Key Investment Group LLC, Front Rose Tix LLC, TotalTickets.com LLC, Totally Tix LLC, WLK Investments LLC, Yair Rozmaryn, Elan Rozmaryn, and Taylor Kurth (collectively, "Defendants") in the above-referenced action. In accordance with Paragraph 5 of Your Honor's Standing Order on Discovery Procedures (Dkt. No. 58-2), we respectfully submit this two-page letter addressing the Parties' competing Proposed Confidentiality Orders.[1] The primary area of dispute concerns the FTC's insistence on carved-out language expressly permitting it to use Confidential Information that will be produced in and for this litigation for other purposes beyond this litigation and to share such information with other state and federal law enforcement agencies, to use for any purpose. Prior to submitting the present letter, the parties met and conferred regarding these disputes but have reached an impasse.

**I.    The FTC's Carved-out Language Regarding the Treatment of Confidential Information Undermines the Purpose of a Protective Order**

In Sections III ("Permitted Disclosures of Confidential Information") and VII ("Treatment of Confidential Information at Conclusion of Action") of the FTC's Proposed Consent Order, the FTC proposes language explicitly permitting it to, among other things, "disclose Confidential Information to other governmental entities," including to "officers and employees of Federal or State law enforcement agencies . . . and congressional committees" and to retain such information even after the conclusion of the Action. (*See* Ex. 2, at §§ III(C), VII(A)(1)-(5).) The FTC's proposal should be rejected.

***First***, the FTC's carved-out language upsets the entire purpose of a confidentiality order—to ensure that confidential information produced during litigation is (i) ***only*** disclosed to the parties to the litigation (or to other individuals identified in Section III) and (ii) ***only*** used for purposes of the litigation. *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 2007 WL 1498114, at *7 (S.D.N.Y. May 23, 2007) (collecting cases restricting the use of confidential information in "any other litigation proceeding[s]"). The FTC completely strips the Confidentiality Order of these well-accepted protections, authorizing itself, and any other state or federal government agency, to use

---

[1] Enclosed as **Exhibits 1** and **2** are Defendants' and the Federal Trade Commission's ("FTC") competing drafts, respectively. For ease of reference, a redline comparing the two drafts is attached as **Exhibit 3**.

# manatt

July 21, 2026
Page 2

information produced confidentially for any purpose it sees fit.[2] This disregards the Court's Local Rules and subverts the very purpose of a Confidentiality Order. *See* Local Rule 104.13, § 1(c) ("***Information or documents designated as confidential under this Order shall not be used or disclosed* . . . *for any purposes <u>whatsoever</u> other than preparing for and conducting the litigation** in which the information or documents were disclosed (including appeals)." (emphasis added)); *United States v. Univ. Hosp., Inc.*, 2006 WL 2612631, at *3 (S.D. Ohio July 28, 2006) (rejecting "language . . . proposed by the government" to protect "ill-defined [enforcement] interests" that "would vitiate the entire concept of a confidentiality agreement").

***Second***, the FTC has failed to come forward with ***any*** authority justifying the inclusion of such a far-reaching exception. Contra the FTC's position at the Parties' meet and confer, the government routinely agrees to Confidentiality Orders that do not include the language the FTC now seeks. *See, e.g.*, **Exhibits 4-5**.[3] When pressed, the FTC referred to the regulatory framework for conducting ***civil investigations***. *See, e.g.*, 15 U.S.C. § 46(f). But this case is not in an investigative posture. The FTC elected to bring this suit and initiate active litigation. It is now bound by the Federal Rules of Civil Procedure and this Court's Rules. *See States v. Hemphill*, 369 F.2d 539, 542 (4th Cir. 1966) ("[W]hen . . . an agency of the United States comes into the Court as a plaintiff, they are subject to the same rules as private litigants . . . because of its fairness and its contribution to accuracy in the factfinding process, is equally demanded of such plaintiffs.").

***Finally***, the FTC's proposed carve-out presents obvious concerns of due process, effectively inviting Defendants to produce documents at their peril. As drafted, confidential information could be shared with other federal and state law enforcement agencies for any purpose without any prior notice to Defendants. Courts have expressly cautioned against what the FTC attempts to reserve the right to do here: use of civil discovery to "subvert [the] limitations on discovery in criminal cases." *McSurely v. McClellan*, 426 F.2d 664, 671–672 (D.C. Cir.1970) ("[C]ivil discovery may not be used to subvert limitations on discovery in criminal cases, either by the government or by private parties."); *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.").

## II.    Conclusion

Confidential information is meant to remain confidential, provided to an opposing party solely for purposes of a single litigation and a single set of claims. The FTC's insistence on a sweeping loophole to the confidentiality designation upsets basic principles of fairness and equity and undermines this purpose. For these reasons, Defendants respectfully request that the Court accept their proposed Confidentiality Order and reject the FTC's proposal.

---

[2] Specifically, the FTC deleted the following key language: (i) "***Discovery Material*** designated as Confidential pursuant to this Confidentiality Order **shall not be used for any purpose other than in connection with this Action**" and (ii) "Notwithstanding the avoidance of doubt, ***Discovery Material designated as Confidential shall not be disclosed to any Person for any purpose other than for use in connection with this Action***, regardless of subparagraphs (1) through (9) above." *See* **Exhibit 3**, at § III(C) (emphasis added).

[3] While defendants in other cases have agreed to be bound by similar language, the FTC has provided no supporting authority requiring that such restrictive language be used, and Defendants have found none.

# manatt

July 21, 2026
Page 3

Respectfully submitted,

**MANATT, PHELPS, & PHILLIPS LLP**

By: */s/ Bezalel A. Stern*
Bezalel A. Stern
Joshua N. Drian (*pro hac vice*)
1700 M Street NW, 4th Floor
Washington, D.C. 20036
Phone: (202) 585-6500
bstern@manatt.com
jdrian@manatt.com

Matthew F. Bruno (*pro hac vice*)
7 Times Square
New York, NY 10036
Phone: (212) 790-4626
mbruno@manatt.com

*Counsel for Defendants*